1  RALPH R. RIOS, ESQ.   80585
2  RALPH M. RIOS, ESQ. 230454
   RIOS & ASSOCIATES
3  36 W. Colorado Blvd. Suite 301
   Pasadena, CA 91105
4  Telephone: (626) 583-1100
   Facsimile: (626) 583-1475
5  Email: RRios@rioslaw.com

6  Attorneys for Plaintiffs,
   ANGEL LARA, DORA LARA, HECTOR
7  LARA, and MARIBEL NUNEZ

8

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11

12  ANGEL LARA, DORA LARA, HECTOR   )  CASE NO: CV08-3469 MMM (VBKx)
    LARA, and MARIBEL NUNEZ,        )
13                                  )  **SECOND AMENDED COMPLAINT**
               Plaintiffs,          )  **FOR DAMAGES:**
14                                  )  **CIVIL RIGHTS VIOLATIONS (42**
    v.                              )  **U.S.C. §1983)**
15                                  )
                                    )  **[DEMAND FOR JURY TRIAL]**
16  CITY OF MAYWOOD, a Public Entity; )
    LOS ANGELES COUNTY SHERIFF'S    )
17  DEPARTMENT, a Public Entity, and DOES )
    1 through 20, Inclusive,         )  Honorable Margaret M. Morrow,
18                                  )  District Judge
               Defendants.          )
19                                  )

20

21

22           **PRELIMINARY STATEMENT**

23      PLAINTIFFS, ANGEL LARA, DORA LARA, HECTOR LARA, and MARIBEL

24  NUNEZ, individually by and through their attorneys, RALPH M. RIOS and RALPH R.

25  RIOS, Esq. for their complaint against the Defendants, state as follows against the Defendants

26  jointly and severally:

27

28           SECOND AMENDED COMPLAINT FOR DAMAGES

**INTRODUCTION**

1.    Plaintiffs bring this action pursuant to 42 U.S.C. §§1981 and 1983. Plaintiffs ANGEL LARA, DORA LARA, HECTOR LARA, and MARIBEL NUNEZ  allege, inter alia, that on or about March 12, 2007, Defendants and each of them, subjected Plaintiffs to an unlawful search and seizure, false imprisonment, intentional infliction of emotional distress, humiliation and property damage. Plaintiffs further allege that on March 12, 2007, their home and vehicle were unlawfully entered, searched and damaged without a warrant as a result of the unlawful conduct of Defendants and each of them.

2.    Plaintiffs, ANGEL LARA, DORA LARA, HECTOR LARA, and MARIBEL NUNEZ, allege that on March 12, 2007, they were subjected to a warrantless search and seizure, amounting to a de facto arrest, by those Defendants.

3.    Plaintiffs ANGEL LARA, DORA LARA, HECTOR LARA, and MARIBEL NUNEZ, allege that these acts violated their Fourth Amendment rights to be free from unreasonable searches and unreasonable seizures. Plaintiffs  allege that the March 12, 2007 search was motivated by racial animus and also violated rights secured to Plaintiffs by 42 U.S.C. §1981.

4.    Plaintiff ANGEL LARA further alleges that on or about March 12, 2007, Police officers approached him, while under the color of law, to threaten, coerce, intimidate and torture Plaintiff ANGEL LARA.  Police officers confronted Mr. LARA and demanded entry on to the property to conduct a search and seizure.  Mr. LARA refused to allow entry without a search warrant.  As a result, police officers seized, handcuffed and arrested Mr. LARA.  Mr. LARA was placed in a police vehicle for more than four hours without probable cause and arrested in violation of his constitutional right to be free of unreasonable search and seizure and/or acts of retaliation.  Plaintiff alleges that the March 12, 2007 search, seizure and arrest was motivated by racial animus and also violated rights secured to Plaintiffs by 42 U.S.C. §1981.

5.    Plaintiffs ANGEL LARA, DORA LARA, HECTOR LARA and MARIBEL NUNEZ, further contend the injuries they suffered were a direct result of an unlawful custom and

SECOND AMENDED COMPLAINT FOR DAMAGES

- 2 -

1  practice maintained by Defendants CITY OF MAYWOOD, and LOS ANGELES COUNTY

2  which permitted or condoned unlawful searches and seizures and/or acts of retaliation.

3

4

5  **JURISDICTION AND VENUE**

6.  Plaintiffs bring this action pursuant to 42 U.S.C. §1981 and §1983. This court has

6  jurisdiction over the federal claims under 28 U.S.C. §§1331 and 1343.

7  7.    Venue is proper in the Central District of California.  All acts alleged herein  occurred

8  in the City of Maywood, Los Angeles County, California.

9

10

11  **PARTIES**

8.   Plaintiffs are Hispanic residents of Los Angeles County, California. Plaintiffs

12  ANGEL LARA, DORA LARA, and HECTOR LARA all resided at 4046 57th Street, in

13  the City of Maywood, California, 90270.  MARIBEL NUNEZ  resided at 4214 E. 54th

14  Street, Maywood, CA 90270.

15

16  9.    Defendants JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW

17  SERRATA; and DOES 1 through 20, Inclusive, were employed as Maywood Police

18  Officers at all times material hereto. Said Defendants were acting under color of state law

19  and are sued in their individual capacities.

20  10.    Defendant LEE BACA was, at all times relevant herein, the Sheriff for the LOS

21  ANGELES COUNTY SHERIFFS DEPARTMENT, (hereinafter referred to as LASD) and

22  was and is responsible for, and the chief architect of, the policies, practices and customs of

23  the (LASD) as well as responsible for the hiring, screening, training, retention,

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

1  supervision, discipline, counseling and control of the police officers and supervisors under

2  his command. He is sued individually and in his official capacity.

3

4  11.    Defendant RICHARD LYONS was, at all times relevant herein, the Interim-Police

5  Chief for the Maywood Police Department, and was and is responsible for, and the chief

6  architect of, the policies, practices and customs of the Maywood Police Department as

7  well as responsible for the hiring, screening, training, retention,  supervision, discipline,

8  counseling and control of the police officers and supervisors under his command. He is

9  sued individually and in his official capacity.

10

11  12.    At all times relevant herein, each of the individual Defendants herein were acting

12  under the color of state law in the course and scope of their duties and functions as agents,

13  servants, employees and officers of the Maywood Police Department and otherwise

14  performed and engaged in conduct incidental to the performance of their lawful functions

15  in the course of their duties.  They were acting for and on behalf of the Maywood Police

16  Department and at all times relevant herein with the power and authority vested in them as

17  officers, agents and employees of the Maywood Police Department  and incidental to the

18  lawful pursuit of their duties as officers, employees and agents of the Maywood Police

19  Department.

20

21  13.    Defendant CITY OF MAYWOOD is a municipal entity created and authorized

22  under the laws of the State of California.  It is authorized by law to maintain a police

23  department which acts as its agent in the area of law enforcement and for which it is

24  ultimately responsible.  CITY OF MAYWOOD assumes the risks incidental to the

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

- 4 -

1  maintenance of a police force and the employment of police officers as said risk attaches

2  to the public consumers of the services provided by the Maywood Police Department.  At

3  all time herein the Defendant  CITY OF MAYWOOD acted and was acting under color of

4  law.

5  14.    At all times relevant herein, JERRY SALGADO; SEAN ANDERSON; PAUL

6  PINE; ANDREW SERRATA and DOES 5 through 10, were police officers, sergeants,

7  captains, commanders, and/or civilian employees, agents and representatives of the

8  Maywood Police Department and employees, agents and representatives of the CITY OF

9  MAYWOOD.  At all times relevant hereto, said defendants were acting within the course

10  and scope of their employment as officers, sergeants, captains, commanders, and/or

11  civilian employees of the Maywood Police Department, a department and subdivision of

12  defendant CITY OF MAYWOOD and at all times were acting with permission and

13  consent of their co-defendants.  Said defendants were specifically authorized by defendant

14  CITY OF MAYWOOD to perform the duties and responsibilities of sworn police officers,

15  and all acts hereinafter complained of were performed by them within the course and

16  scope of their duties as peace officers and officials for said defendant CITY OF

17  MAYWOOD and its police department.  Said defendants are herein sued in their

18  individual capacities and in their official capacities as police officers, sergeants, captains,

19  commanders, supervisors, policy makers and/or as other officers for the CITY OF

20  MAYWOOD and its police department.  Said defendants, and each of them, at all times

21  relevant hereto, were acting under color of law, to wit, under the color of the statutes,

SECOND AMENDED COMPLAINT FOR DAMAGES

1   ordinances, regulations, policies, customs, practices and usages of defendant CITY OF

2   MAYWOOD, its police department, and the State of California.

3

4   15.   At all times relevant hereto, JERRY SALGADO; SEAN ANDERSON; PAUL

5   PINE; ANDREW SERRATA and DOE defendants 5 through 10, inclusive, are and were

6   employees of the CITY OF MAYWOOD, acting within their capacity as employees,

7   agents and servants of the defendant CITY OF MAYWOOD.  Said defendants were at all

8

9   times alleged herein acting within the course and scope of that employment and agency,

10  and as duly appointed interim-chief of police, and as the primary policymakers of the

11  Maywood Police Department, with the authority to develop, adopt, implement, rescind and

12  abolish all policies, practices, procedures and customs of the Maywood Police

13  Department.

14

15  16.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as

16  DOES 5 through 10, inclusive, and therefore sue these defendants by such fictitious

17  names.  PLAINTIFFS will amend this complaint to allege said defendants' true names and

18

19  capacities when ascertained.  PLAINTIFFS are informed and believe and thereon allege

20  that each of the fictitiously named defendants are responsible in some manner for the

21  occurrences herein alleged, and that PLAINTIFFS' injuries as herein alleged were

22  proximately caused by the acts and/or omissions of said fictitiously named defendants.

23

24  17.   Defendant LOS ANGELES COUNTY is a municipal entity created and

25  authorized under the laws of the State of California.  It is authorized by law to maintain a

26  police department which acts as its agent in the area of law enforcement and for which it is

27

28                  SECOND AMENDED COMPLAINT FOR DAMAGES

- 6 -

ultimately responsible. LOS ANGELES COUNTY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT. At all times herein the Defendant Doe LOS ANGELES COUNTY SHERIFF'S DEPARTMENT police officers acted and were acting under color of law.

18.    At all times relevant herein, each of the individual Defendants herein were acting under the color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of LASD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the LASD at all times relevant herein with the power and authority vested in them as officers, agents and employees of the LASD. and incidental to the lawful pursuit of their duties as officers, employees and agents of the LASD.

19.    At all times relevant herein, DOES 21 through 40, were police officers, sergeants, captains, commanders, and/or civilian employees, agents and representatives of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and employees, agents and representatives of the COUNTY OF LOS ANGELES. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of the LOS ANGELES SHERIFF'S DEPARTMENT, a department and subdivision of defendant COUNTY OF

SECOND AMENDED COMPLAINT FOR DAMAGES

- 7 -

1  LOS ANGELES and at all times were acting with permission and consent of their co-

2  defendants.  Said defendants were specifically authorized by defendant COUNTY OF

3  LOS ANGELES  to perform the duties and responsibilities of sworn police officers, and

4  all acts hereinafter complained of were performed by them within the course and scope of

5  

6  their duties as peace officers and officials for said defendant COUNTY OF LOS

7  ANGELES  and its police department.  Said defendants are herein sued in their individual

8  capacities and in their official capacities as police officers, sergeants, captains,

9  

10  commanders, supervisors, policy makers and/or as other officers for the COUNTY OF

11  LOS ANGELES  and its police department.  Said defendants, and each of them, at all

12  times relevant hereto, were acting under color of law, to wit, under the color of the

13  

14  statutes, ordinances, regulations, policies, customs, practices and usages of defendant

15  COUNTY OF LOS ANGELES, its police department, and the State of California.

16  20.    At all times relevant hereto, DOE defendants 41 through 45, inclusive, herein sued

17  in their individual capacities and in their official capacities,  are and were employees of the

18  

19  LOS ANGELES SHERIFF'S DEPARTMENT  acting within their capacity as employees,

20  agents and servants of the defendant COUNTY OF LOS ANGELES.  Said defendants

21  were at all times alleged herein acting within the course and scope of that employment and

22  agency, and as duly appointed chief of police, and as the primary policymakers of the LOS

23  ANGELES SHERIFF'S DEPARTMENT , with the authority to develop, adopt,

24  

25  implement, rescind and abolish all policies, practices, procedures and customs of the LOS

26  ANGELES SHERIFF'S DEPARTMENT .

27  

28  SECOND AMENDED COMPLAINT FOR DAMAGES

- 8 -

21.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 46 through 50, inclusive, and therefore sue these defendants by such fictitious names in their individual capacities and in their official capacities. PLAINTIFFS will amend this complaint to allege said defendants' true names and capacities when ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

## IV.

## FACTS COMMON TO ALL ACTIONS

22.     Plaintiffs allege that on or about March 12, 2007, at about 4:30 p.m., Plaintiffs  DORA LARA, MARIBEL NUNEZ and LOUIE MATHEW DELGADO were inside the home of DORA LARA, located at  4046 57th Street, in the City of Maywood, California.  HECTOR LARA was at work and ANGEL LARA was in the back yard working on his vehicle.  DORA LARA received a telephone call from  Maywood Police Officers  who informed her that they were outside the residence and were looking for Louie Delgado (Mrs. LARA'S grandson, who did not live at that residence). Mrs. Lara opened her front door and saw a large contingent of police officers  in front of her house with their weapons drawn.   Mrs. Lara met with the officers outside her home and told them that she could look to see if her grandson was somewhere in her house. Police told her she could not go back inside her home and they also ordered everyone out of the house.

1   Mrs. Lara, who was 59 years of age at the time, told police that she had an operation
2   to her arm three days earlier, was under doctor's care and needed to go inside her home to get
3
4   her medication.   After Mrs. Lara made her request police officers refused to let her in.
5   Instead, she was told that she had to leave and go at least one block away from the premises.
6   The officers also evacuated the immediate neighborhood and told neighbors they too had to
7   leave the area.
8
9   Plaintiff MARIBEL NUNEZ further alleges that on or about March 12, 2007, Police
10   Officers ordered her out of DORA LARA'S home, while acting under the color of law, to
11   threaten, coerce, intimidate and torture Plaintiff NUNEZ and her infant son LOUIE
12   MATHEW DELGADO. Police Officers threatened Ms. NUNEZ by telling her that if she did
13
14   not cooperate with them she would go to jail and lose her child.   Police Officers, using their
15   authority as Police Officers locked NUNEZ and her infant son into a police car where Ms.
16   Nunez was  threatened, coerced and  intimidated.   NUNEZ told the police officers that her
17   infant son suffered from asthma, could not breath  and could not be confined in the car. The
18   infant was crying and was unable to breath properly for an extended period of time. Ms.
19
20   NUNEZ was unable to change her son, give him water or food.   She also told the officers that
21   she and her son were hungry and thirsty and her pleas were ignored.   NUNEZ asked police
22   officers for water and it was refused. NUNEZ asked to be allowed to get diapers to change
23
24   her infant son and this was refused. She was told by defendant SALGADO, "since you are not
25   cooperating, I can't".   The act of taking MARIBEL NUNEZ and her infant son out of the
26   home they were in and locking them in a police car for more than four hours without food,
27
28                  SECOND AMENDED COMPLAINT FOR DAMAGES

1   water, or a blanket for the child was motivated, in whole or in part, by racial animus on the

2   part of some or all of the Defendants.

3

4       At this time ANGEL LARA saw what was happening and told the police officers if

5   they did not have a search warrant they could not go into the house. In response Maywood

6   Police Officers told Mr. Lara that he had to leave and go to the end of the block. Mr. Lara

7   complied. When Mr. Lara was at the corner he again told the officers that they could not go

8   into the home without a search warrant. In response Maywood Police Officers detained and

9

10   arrested ANGEL LARA and locked him in a police vehicle. They told Mr. Lara that he had

11   to go in for questioning. Mr. Lara was kept in the vehicle for over one hour. He was then

12   transported to a nearby command post where he was handcuffed and put into a police

13   detective vehicle. After some time Mr. Lara heard an officer say, "Why is he in that

14

15   comfortable car? Put him back in a black and white." Mr. Lara was then put into a black and

16   white police car with hard plastic seats. Mr. Lara kept asking why he was detained and he

17   would not get a response from the police. He also asked for water which was not provided.

18

19   Mr. Lara was not released until approximately 9 p.m.

20       Maywood police asked Mr. Lara who the vehicle in the back of the house belonged to.

21   Mr. Lara said it was his vehicle. Police then shot gas canisters into Mr. Lara's vehicle,

22   dented the rear-hatch door and broke his side and rear windows. These acts were done to Mr.

23

24   Lara in retaliation for expressing his constitutional right to be free of unreasonable search and

25   seizure guaranteed to all under the United States Constitution.

26       HECTOR LARA arrived on the scene from work at about 7:30 p.m. and

27

28   SECOND AMENDED COMPLAINT FOR DAMAGES

1   he was not allowed to go to his home.  These actions by Police Officers caused extreme fear
2   and anxiety.

3   23.    Plaintiffs further contend that Defendants LEE BACA, RICHARD LYONS, the
4
5   COUNTY OF LOS ANGELES and the CITY OF MAYWOOD are individually, jointly and
6   severally liable for those violations of PLAINTIFFS' constitutional rights, referenced above
7   and below, in that SHERIFF LEE BACA; INTERIM-CHIEF RICHARD LYONS,
8
9   MAYWOOD POLICE OFFICERS JERRY SALGADO; SEAN ANDERSON; PAUL PINE;
10  ANDREW SERRATA and DOE defendants 5 through 10; the COUNTY OF LOS ANGLES
11  and the CITY OF MAYWOOD have:

12          (1) tolerated, condoned and encouraged a pattern of brutality and use of
13
14          excessive force by members of the LOS ANGLES COUNTY SHERIFF'S
15          DEPARTMENT (hereafter "LASD") and members of the MAYWOOD
16          POLICE  DEPARTMENT  against  LOS  ANGELES  COUNTY  and
17          MAYWOOD CITY residents and others, in particular residents of the Hispanic
18
19          community;
20          (2) systematically failed, for many years, to properly and adequately monitor
21          and investigate such incidents and to supervise and discipline the officers
22          involved, and;
23
24          (3) created an environment and culture in which officers and supervisors are
25          encouraged to engage in and to conceal the misconduct of other officers
26          resulting in the current situation in the LASD and the MAYWOOD POLICE
27

28              SECOND AMENDED COMPLAINT FOR DAMAGES

1    DEPARTMENT where officers believe that they can violate with impunity the

2    rights of persons such as PLAINTIFFS;

3

4        (4) inadequately trained police officers with regard to proper restraint and usage

5    of firearms as weapons;

6        (5) inadequately selected, trained, monitored and supervised police officers and

7    police officer supervisors.

8

9    24.    Recognizing the unlawful nature of their conduct, JERRY SALGADO; SEAN

10   ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10 and

11   DOES 1-10, conspired to violate the constitutional civil rights cover up the wrongdoing by

12   engaging in a cover—up of their misconduct.

13

14   25.    JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and

15   DOE defendants 5 through 10 had no search warrant or permission to enter the home.

16   26.    There was no legal justification or excuse for the Defendants failure to obtain a search

17   warrant prior to the search and seizure.

18

19   27.    JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and

20   DOE defendants 5 through 10 stormed the house and ordered  plaintiffs to leave the home.

21   28.    JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and

22   DOE defendants 5 through 10  then stormed  plaintiff's home without, consent, or exigent

23   circumstances and wantonly caused unnecessary and excessive property damage.

24

25   29.    All these acts and omissions took place with the knowledge and acquiescence of

26   supervisors named herein as RICHARD LYONS, LEE BACA and DOE 6-10.

27

28        SECOND AMENDED COMPLAINT FOR DAMAGES

- 13 -

30.    Officers invaded the residence and seized, terrorized, and humiliated the Plaintiffs for an extended period of time, and arrested ANGEL LARA, MARIBEL NUNEZ and her infant son, LOUIE MATHEW DELGADO without probable cause and based upon false allegations contrived by JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10.

31.    The search of Plaintiffs' residence was unreasonable, inter alia, because it was conducted in the absence of a search warrant authorizing such a search, in the absence of probable cause and in the absence of exigent circumstances justifying such a search of Plaintiffs and their residence. Defendants' conduct was objectively unreasonable and violated the rights of ANGEL LARA, DORA LARA, HECTOR LARA, MARIBEL NUNEZ , and LOUIE MATHEW DELGADO under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.    Moreover, the conduct of Defendants JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10 was motivated by racial animus and violated rights secured to Plaintiff by 42 U.S.C. §§1981 and 1983 and the Fourteenth Amendment to the United States Constitution. At all times material hereto,  Defendant JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10 and DOES 1-10,  acted intentionally, willfully and/or with reckless indifference for the rights of Plaintiffs ANGEL LARA, DORA LARA, HECTOR LARA, MARIBEL NUNEZ , and LOUIE MATHEW DELGADO. Each Defendant knew or should have known that the search of Plaintiffs and their residence violated clearly established Constitutional law.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 14 -

32.    In the manner herein described, the defendants deprived the plaintiffs of their right to be free from unreasonable and warrant less searches and seizures, in violation of the Fourth Amendment to the United States Constitution.

33.    In the manner herein described, the defendants engaged in extreme and outrageous behavior knowing that it probably would cause the plaintiffs to suffer extreme emotional distress.

34.    As a proximate result of the defendant's actions described herein, the plaintiffs suffered extreme emotional distress.

35.    At all times during the events described above, JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10 , and DOES 1-10, were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

36.    Plaintiffs are informed and believe and thereon allege that JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA    and DOE defendants 5 through 10 inclusive, intentionally, negligently and recklessly failed to use proper and established police tactics regarding the entry, detention and arrest of plaintiffs outside the home.  Instead said Defendants without regard to PLAINTIFFS' rights recklessly, intentionally and negligently exacerbated and inflamed the incident by using threats and unwarranted interrogation of Plaintiffs.

37.     As a direct and proximate result of the said acts of the defendant Officers,

the plaintiffs suffered the following injuries and damages:

     a.     Violation of their constitutional rights under the Fourth Amendment

          to the United States Constitution to be free from unreasonable search

          and seizure of their person;

     b.     Loss of their physical liberty;

     c.     Physical pain and suffering and emotional trauma and suffering .

     d.     Property damages

38.     The actions of the JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW

SERRATA and DOE defendants 5 through 10 , violated the following clearly established and

well settled federal constitutional rights of Plaintiffs:

     a.     Freedom from the unreasonable seizure of their person;

     b.     Freedom from the use of excessive, unreasonable and unjustified

          force against his person.

39.     The actions described above by JERRY SALGADO; SEAN ANDERSON; PAUL

PINE; ANDREW SERRATA and DOE defendants 5 through 10 were the result of the

joint and concerted conduct of JERRY SALGADO; SEAN ANDERSON; PAUL PINE;

ANDREW SERRATA and DOE defendants 5 through 10 , and constituted the use of

excessive force against Plaintiffs ANGEL LARA, DORA LARA, HECTOR LARA,

MARIBEL NUNEZ , and LOUIE MATHEW DELGADO, who had done nothing which

could or should have allowed for or permitted the use of force.  As such, the actions of

SECOND AMENDED COMPLAINT FOR DAMAGES

- 16 -

JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10 , were objectively unreasonable and constituted an unreasonable seizure within the meaning of the Fourth Amendment and consequently, a violation of 42 U.S.C.§1983.

40.    The search, seizure, arrest, humiliation and torture of Plaintiffs was a direct and proximate result of the aforementioned violations of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by the JERRY SALGADO; SEAN ANDERSON; PAUL PINE; ANDREW SERRATA and DOE defendants 5 through 10  while acting  under color of law and pursuant to customs, policies and/or procedures all in violation of 42 U.S.C. §1983.

### FIRST COUNT/CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE

### FROM UNREASONABLE SEARCHES AND SEIZURES

### [AS TO JERRY SALGADO; SEAN ANDERSON;PAUL PINE; ANDREW

### SERRATA  and

### DOES 1 THROUGH 5, INCLUSIVE]

41.    Plaintiffs, repeat and reallege each and every allegation contained in the foregoing paragraphs 1 through 40 as though fully set forth herein.

42.    This first cause of action is brought  under Title 42 U.S.C. Sections 1983, 1985 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and

1  immunities secured to Plaintiffs by said statutes, and by the Fourth Amendment of the United

2  States Constitution. pursuant to 42 U.S.C. §1983, and the rights conferred by the United States

3

4  Constitution for the violation of the civil rights of ANGEL LARA, DORA LARA, HECTOR

5  LARA, and MARIBEL NUNEZ.

6  43.    On March 12, 2007, PLAINTIFFS, possessed the rights, guaranteed by the United

7  States Constitution, including the right  to be free from unreasonable searches and seizures

8

9  and excessive force by police officers.

10 44.    Plaintiffs are informed and believe and thereon allege that prior to March 12, 2007,

11 defendants the CITY OF MAYWOOD, INTERIM- CHIEF RICHARD LYONS,  COUNTY

12 OF LOS ANGELES, SHERIFF LEE BACA and DOES 1 THROUGH 5, inclusive, knew, or

13 in the exercise of reasonable care, should have known of a history, propensity and pattern of

14

15 LASD and Maywood police officers, including, but not limited to SALGADO, ANDERSON,

16 PINE and SERRATA and DOES 1-5, unlawfully breaking and entering private residences

17 without just cause, exigent circumstances or warrants,  or use unreasonable, out-of-policy or

18

19 unconstitutional police tactics to conduct investigations.  Defendants knew, or in the exercise

20 of reasonable care, should have known that employees of the MAYWOOD POLICE

21 DEPARTMENT and LASD were responsible for engaging in the aforementioned acts.

22 45.    Prior to the invasion of plaintiff's home by Maywood Police and LACS Deputies, the

23

24 officers were the subject of prior complaints of allegations of similar conduct, and had been

25 defendants in federal and state courts alleged to have violated constitutional rights in the

26 course and scope and under color of law of their capacities as Maywood Police Officers and

27

28 <center>SECOND AMENDED COMPLAINT FOR DAMAGES</center>

<center>- 18 -</center>

1  LASD police officers. Prior to March 12, 2007, defendants Los Angeles County, and DOES

2  1 through 5, inclusive, knew, or in the exercise of reasonable care, should have known of a

3
   history, propensity and pattern, of LASD and MAYWOOD POLICE DEPARTMENT police
4
5  officers, including,  SALGADO, ANDERSON, PINE and SERRATA

6  46.    At said time,  SALGADO, ANDERSON, PINE and SERRATA ,and DOES 1-5, and

7  each of  them, wrongfully  searched,  seized, tortured, humiliated detained and arrested
8
   plaintiffs  ANGEL  LARA,  DORA  LARA,  HECTOR  LARA,  MARIBEL  NUNEZ,  and
9
10 LOUIE MATHEW DELGADO without justification and thereby violated their rights under

11 the Constitution of the United States, in particular the Fourth Amendment of the United States

12 Constitution.

13
   47.    At the time of the acts by Defendants, PLAINTIFFS were unarmed and were not
14
15  engaged in any assaultive or threatening behavior toward any defendant or any other person

16 or persons.

17 48.    The breaking and entering and unlawful acts by police officers of the LASD and

18
   MAYWOOD  POLICE  DEPARTMENT   were  entirely  unjustified  by  any  actions  of
19
20 PLAINTIFFS and constituted a violation of their Federal Constitutional rights.

21 49.    Said defendants, and each of them, acted specifically with the intent to deprive

22  PLAINTIFFS of the following rights under the United States Constitution:

23
                a.    Freedom from unreasonable seizures, in the form of the use of excessive
24
25                    force,

26              b.    Freedom from a deprivation of liberty without due process of law;

27

28                SECOND AMENDED COMPLAINT FOR DAMAGES

c.   Freedom from summary punishment; and

d.   Right to be provided prompt and timely medical and or other attention while under custody;

50.   After being seized, searched, humiliated and arrested by said defendants, PLAINTIFFS suffered injuries to their persons and property.

51.   After seizing and inflicting the damages, injuries and wounds on PLAINTIFFS said defendants deliberately denied prompt and necessary medical attention to DORA LARA and LOUIE MATHEW DELGADO, thereby also violating their Federal Constitutional rights.

52.   Said defendants and each of them, subjected PLAINTIFFS to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of their civil rights.

53.   Said defendants, and each of them, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the COUNTY OF LOS ANGELES THE CITY OF MAYWOOD, THE MAYWOOD POLICE DEPARTMENT and the LOS ANGELES SHERIFF'S DEPARTMENT would allow the continued use of illegal force in violation of the Plaintiffs' Federal Constitutional rights.

54.   As a direct and proximate result of the aforementioned acts of said defendants, and each of them, PLAINTIFFS suffered injuries to their body and property damages.

55.   The aforementioned acts of said defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 20 -

## SECOND COUNT/CAUSE OF ACTION

**FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**

**[AS TO DEFENDANTS POLICE OFFICERS JERRY SALGADO; SEAN**

**ANDERSON; PAUL PINE; ANDREW SERRATA, DOES 1 THROUGH 5**

**INCLUSIVE, INDIVIDUALLY AND AS OFFICERS OF THE OF MAYWOOD**

**POLICE DEPARTMENT ]**

56.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs above, as though fully set forth herein.

57.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of the procedural and substantive due process rights of plaintiffs  ANGEL LARA, DORA LARA, HECTOR LARA, and MARIBEL NUNEZ

58.     On March 12, 2007, at the time and place alleged above herein, SALGADO, ANDERSON, PINE and SERRATA ,and DOES 1-5,  inclusive, were present at the immediate scene of the search, seizure, arrest, destruction of property and denial of medical attention of PLAINTIFFS, and said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted false arrest, seizure and infliction of emotional distress  of PLAINTIFFS and were compelled to do so under the laws of the State of California and under the Constitution of the United States of America.

59.     At said date and location, in deliberate indifference to the life, health and

constitutional rights of PLAINTIFFS, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFFS, refrained from intervening in said unlawful seizure and beating and further failed to intervene in the failure to provide medical care to PLAINTIFFS which occurred after they requested medication, food and water.

60.    As a result thereof, PLAINTIFFS were unlawfully and unjustifiably arrested, detained, seized, and suffered property damages in violation of their rights under the Fourth and Amendments of the Constitution of the United States of America.

### THIRD COUNT/CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR VIOLATION

### OF CONSTITUTIONAL RIGHTS

### [AS TO DEFENDANTS COUNTY OF LOS ANGELES, SHERIFF LEE BACA

### CITY OF MAYWOOD, INTERIM CHIEF RICHARD LYONS AND DOES 6

### THROUGH 10, INCLUSIVE]

61.    Plaintiffs,  repeats and re-alleges each and every allegation of the foregoing paragraphs 1 through 60 as though fully set forth herein.

62.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment of the U.S. Constitution.

63.    On or before and on March 12, 2007, PLAINTIFFS possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable seizures and excessive force by Maywood Police Officers and Los Angeles Sheriff

SECOND AMENDED COMPLAINT FOR DAMAGES

- 22 -

1  Department officers, and PLAINTIFFS also had the right to be provided with reasonable

2  medical attention while in the custody and control of a police agency.

3
4  65.    On said date, SALGADO, ANDERSON, PINE and SERRATA ,and DOES 1-5 and

5  each of them, acting within the course and scope of their duties as peace officers of the

6  COUNTY OF LOS ANGELES, deprived PLAINTIFFS of their rights to be free from

7  unreasonable seizures, excessive force, and searches, and to be provided with reasonable

8
9  medical attention and care, when said defendants unreasonably and without justification

10 denied entry into their home to obtain medication, and withheld food and water and

11 intentionally and/or deliberately denied them medical attention as delineated in detail above.

12 66.    At the time of these constitutional violations by SALGADO, ANDERSON, PINE and

13 SERRATA ,SHERIFF LEE BACA, INTERIM-CHIEF RICHARD LYONS, the COUNTY

14 OF LOS ANGELES and the CITY OF MAYWOOD and DOES 6 through 10, inclusive, had

15
16 in place, and had ratified, policies, procedures, customs and practices which permitted and

17 encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth

18 Amendment use excessive force against unarmed suspects.    These policies, customs,

19
20 practices, also called for or permitted the unreasonable or excessive use of force against

21 Latino and minority suspects.

22 67.    Said policies, procedures, customs and practices also called for the CITY OF

23 MAYWOOD, and its police department, COUNTY OF LOS ANGELES and its Sheriff

24
25 Department not to discipline, prosecute, or objectively and/or independently investigate or in

26 any way deal with or respond to known incidents, complaints, of excessive force, falsification

27
28                SECOND AMENDED COMPLAINT FOR DAMAGES

1  of evidence, the preparation of false police reports to justify such wrongful conduct, and the

2  giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers

3
4  of the Maywood Police Department, and for the CITY OF MAYWOOD, Los Angeles

5  Sheriff's Department and for the COUNTY OF LOS ANGELES to fail to objectively and/or

6  independently investigate or in any way deal with or respond to claims and lawsuits made as

7  a result of such misconduct.

8
9  68.    Said policies, procedures, customs and practices called for and led to the refusal of

10  said defendants to investigate complaints of previous incidents of excessive force, wrongful

11  arrest of such persons, the filing of false police reports to conceal such misconduct, the

12  falsification of evidence and perjury and, instead, officially claim that such incidents were

13
14  justified and proper.

15  69.    Said policies, procedures, customs and practices called for said defendants, and

16  each of them, by means of inaction and coverup, to encourage an atmosphere of lawlessness

17  within the police department and to encourage their police officers to believe that excessive

18
19  force against suspects, including members of minority groups, was permissible and to believe

20  that unlawful acts of falsification of evidence and perjury would be overlooked without

21  discipline or other official ramifications.

22  70.    Said policies, procedures, customs and practices evidenced a deliberate indifference

23
24  to the violations of the constitutional rights of the present plaintiffs. This indifference was

25  manifested by the failure to change, correct, revoke, or rescind said policies, procedures,

26  customs and practices in light of prior knowledge by said defendants their of indistinguishably

27

28                          SECOND AMENDED COMPLAINT FOR DAMAGES

1  similar incidents, and of falsification of evidence, evidence tampering, submission of false

2  police reports and perjury.

3

4  71.    Deliberate indifference to the civil rights of minority groups and other victims of the

5  Maywood Police Department and Los Angles County Sheriff Department's excessive force

6  was also evidenced by said defendants failure to train or retrain officers in proper, safe and

7  constitutional requirements regarding the provision of medical services to those persons in the

8  custody of officers of the Los Angeles Sheriff Department and Maywood Police Department.

9

10  Said defendants knew and were aware of the custom and practice within the Los Angeles

11  Sheriff Department and Maywood Police Department to permit suspects to be arrested by

12  officers of the Maywood Police Department and Los Angeles Sheriffs Department to suffer

13  extreme pain, from the lack of medical care after a search, seizure and arrest.

14

15  72.    Deliberate indifference to the civil rights of minority groups and other victims of the

16  Maywood Police Department and Los Angeles Sheriff Department's excessive force was

17  also evidenced by said defendants by their ignoring of the history and pattern of prior civil

18  lawsuits alleging civil rights violations and the related payment of judgments to suspects or

19

20  the families of suspects who were the victims of excessive force.

21  73.    Deliberate indifference to the civil rights of minority groups and other victims of the

22  Maywood Police Department and Los Angeles Sheriff Department's excessive force was

23  also evidenced by customs and practices to be in place, that existed in the Maywood Police

24

25  Department and Los Angeles Sheriff's Department. In particular an environment and

26

27

28                          SECOND AMENDED COMPLAINT FOR DAMAGES

- 25 -

atmosphere which condoned unjustified and unreasonable police force, destruction of property, and the cover-up of officer involved use of force incidents.

74.    Deliberate indifference is also evidenced by maintenance of an inadequate system of use-of-force tracking, government claim/lawsuit tracking, and an independent system of officer discipline.

75.    Deliberate indifference to the civil rights of minority groups and other victims of the Los Angeles County Sheriff Department's excessive force was also evidenced by the failure to identify and investigate instances of excessive force against suspects, improper use of firearms, falsification of evidence, submission of false police reports and perjury, and by the failure of by said defendants to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly used excessive force against suspects, falsified evidence, tampered with evidence, submitted false and misleading police reports, and/or committed perjury.

76.    Other systemic deficiencies of said defendants which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the Maywood Police Department and Los Angeles Sheriff Department include:

    a.    the regular and systemic preparation of investigative reports by officers, sergeants, and other supervisors designed to vindicate the use of force and firearms against suspects regardless of whether such use was justified;

    b.    the regular and systemic preparation of investigative reports which uncritically rely solely on the word of Maywood Police Department and Los Angeles

SECOND AMENDED COMPLAINT FOR DAMAGES

- 26 -

County Sheriff Deputy officers involved in the use-of-force incidents and which systematically fail to credit testimony by non-officer witnesses;

c.  the regular and systemic preparation of investigative reports related to incidents involving excessive force which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d.  the regular and systemic issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the use-of-force;

e.  the regular and systemic failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the use-of-force or which contradict such evidence; and,

f.  the regular and systemic failure to maintain centralized department-wide system for the tracking and monitoring of the use of excessive force, citizens' complaints, government tort claims, abuse of authority, and race-based misconduct by individual officers so as to identify those officers who engage in a pattern of excessive force, abuse of police authority and police misconduct.

77.  Said defendants also maintained a system of grossly inadequate training regarding the use of force, and regarding the training for police testimony in trial as well as the collection of evidence, and the preparation of police reports.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 27 -

78.    Deliberate indifference to the civil rights of suspects  and other victims of the Maywood Police Department and Los Angeles Sheriff Department's excessive force was also evidenced by said defendants' failure to implement an officer discipline system which would conduct meaningful and independent investigations of officer use of force incidents and of citizen complaints of falsified evidence, evidence tampering, authoring and filing of false and misleading police reports, and the presentation of false testimony at trial.

79.    The foregoing acts, omissions, and systemic deficiencies are policies and customs  of defendants CITY OF MAYWOOD, INTERIM CHIEF RICHARD LYONS, COUNTY OF LOS ANGELES , SHERIFF LEE BACA  and DOES 6  through 10, inclusive, caused defendants SALGADO, ANDERSON, PINE and SERRATA ,and DOES 1-5, inclusive, to be unaware of, or intentionally overlook and ignore, the rules and laws governing the permissible use of force, including the use of force against suspects and/or their property.

80.    The foregoing acts, omissions, and systemic deficiencies are policies and customs  of said defendants and such caused, permitted and/or allowed under official sanction defendants SALGADO, ANDERSON, PINE and SERRATA ,and DOES 1-5, inclusive, to believe that their use of firearms and police force, destruction of property, search and seizure against suspects is entirely within the discretion of the officer and that improper and unlawful use of force, would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that defendants officers would use unnecessary force in situations where such force is not necessary, reasonable or legal, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 28 -

81.    As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of said defendants, PLAINTIFFS were seized, humiliated and tortured by SALGADO, ANDERSON, PINE and SERRATA, and DOES 1 through 5, inclusive, and said defendants developed and implemented a plan to cover-up, threaten and falsely accuse plaintiffs of interfering with an investigation or making threatening gestures toward said officers to justify their use of excessive force against them.

82.    As a direct and proximate result of the aforementioned acts alleged herein, PLAINTIFFS suffered physical and emotional damages which caused them serious injuries, and were denied prompt and necessary, food, water, medication and/or medical attention.

## FOURTH COUNT/CAUSE OF ACTION

### VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT AS TO ALL DEFENDANTS

### [AS AGAINST DEFENDANTS CITY OF MAYWOOD, COUNTY OF LOS ANGELES, INTERIM CHIEF RICHARD LYONS, SHERIFF LEE BACA, JERRY SALGADO, SEAN ANDERSON, PAUL PINE, AND ANDREW SERRATA]

83.    PLAINTIFFS hereby incorporate, as though fully set forth herein, Paragraphs 1 through 82 as though fully set forth herein.

84.    PLAINTIFF DORA LARA and LOUIE MATHEW DELGADO had a cognizable interest under the due process clause of the fourteenth amendment of the United States Constitution to be free from unwarranted state interference, search and seizure and false arrest.

SECOND AMENDED COMPLAINT FOR DAMAGES

- 29 -

85.    On or about March 12, 2007, DEFENDANTS and DOE defendants 5 through 10, and each of them, acting within the course and scope of their duties as officers for defendant CITY OF MAYWOOD and COUNTY OF LOS ANGELES deprived PLAINTIFFS DORA LARA and LOUIE MATHEW DELGADO of their right to be free from unreasonable seizures when said defendants maliciously, unreasonably and without justification arrested, detained, searched, interrogated, denied food and water and suffered destruction of property  as delineated in detail above.

86.    Defendant JERRY SALGADO was told by plaintiff MARIBEL NUNEZ that her infant son suffered from asthma and could not be confined in a car because he could not breath properly.  The infant cried was unable to breath properly for an extended period of time.  LOUIE MATHEW DELGADO cried continuously because he was soiled, hungry, thirsty, cold, and unable to breath properly.  Ms. NUNEZ was unable to provide comfort to her son because she was not permitted to change her son's diaper or give him water and food. Ms. NUNEZ told the officers that she and her son were hungry and thirsty and her pleas were ignored.  NUNEZ asked police officers for water and it was refused. NUNEZ asked to be allowed to get diapers to change her infant son and this was refused. She was told by defendant SALGADO, "since you are not cooperating, I can't".

87.    The act of detaining and confining LOUIE MATHEW DELGADO, who had not and could not be charged with or convicted of a crime, in an enclosed and locked police  car for four hours without food, water, clothing or medical attention created an objective and serious risk of harm to the infant given his medical condition.  Defendant SALGADO was made

SECOND AMENDED COMPLAINT FOR DAMAGES

- 30 -

1    directly aware of the facts which created the risk of harm when Plaintiff NUNEZ told

2    SALGADO that her son had asthma and could not breath properly if he was confined in a

3
4    police car. Officer SALGADO could infer from the facts and in fact inferred and knew of

5    the objective and serious risk of harm to the infant LOUIE MATHEW DELGADO and chose

6    to confine both LOUIE MATHEW DELGADO and his mother MARIBEL NUNEZ in a

7    locked police car for more than four hours.

8
9    88.    Mrs. DORA LARA, who was 59 years of age at the time of this incident, told police

10   officers at the scene that she had an operation to her arm three days earlier, was under doctor's

11   care and needed to go inside her home to get her medication. After Mrs. LARA made her

12   request, police officers refused to let her in. Instead, she was told that she had to leave the

13
14   area and go at least one block away from the premises. There were no exigent circumstances

15   or evidence that the police had any reason to fear that Mrs. LARA, if admitted into the home

16   to retrieve her medication, would in any way interfere with the object of the police search.

17   Police officers could infer from the facts and in fact inferred and knew of the objective and

18
19   serious risk of harm to Mrs. DORA LARA if she was denied access to her medication and

20   instead chose to deny DORA LARA access to her medication.

21   89.    Said unreasonable and unjustified acts and the resulting violation of the present

22   plaintiffs' substantive due process rights was also proximately caused by the failure of

23
24   DEFENDANTS and DOES 1 through 5, inclusive, to intervene and prevent the actions as

25   delineated above.

26   90.    Said police actions were also a direct and proximate result of the policies, procedures,

27

28                        SECOND AMENDED COMPLAINT FOR DAMAGES

1  customs   and practices of defendants CITY OF MAYWOOD, RICHARD LYONS,

2  COUNTY OF LOS ANGELES, SHERIFF LEE BACA and DOES 6 through 10, inclusive,

3
   and the deliberate indifference of said defendants to the violations of civil rights caused by
4

5  said policies, procedures, customs and practices, as set forth above in the third counts/causes

6  of action above.

7  91.    As a direct and proximate result of the aforementioned use of excessive force, the

8
   above-named defendants  and each of them, violated the constitutional rights of
9

10 present plaintiffs under the due process clause of the Fourteenth Amendment not to be

11 deprived of the liberty, to be secure in their homes and free of unwarranted state interference

12 and free of excessive force in violation of the Fourth Amendment.

13
   92.    As a direct and proximate cause of the acts of defendants, and each of them, the present
14

15 plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind

16 and body, all to their general damage, which is hereby sought, according to proof.

17              **FIFTH COUNT/CAUSE OF ACTION**

18                      **NEGLIGENCE**

19
                   **AS TO ALL DEFENDANTS**
20

21  **[AS AGAINST DEFENDANTS CITY OF MAYWOOD, COUNTY OF LOS**

22  **ANGELES, INTERIM CHIEF RICHARD LYONS, SHERIFF LEE BACA, JERRY**

23  **SALGADO, SEAN ANDERSON, PAUL PINE, AND ANDREW SERRATA]**

24

25

26

27

28              SECOND AMENDED COMPLAINT FOR DAMAGES

                        - 32 -

90.    Plaintiff re alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 89 above as though fully set forth herein in the present cause of action.

91.    The present action is brought against all Defendants in their official capacity as employees, agents and/or representatives of Defendant CITY OF MAYWOOD, and THE COUNTY OF LOS ANGELES as well as in their individual capacity.

92.    Plaintiffs allege that on March 12, 2007, Defendants, did negligently, recklessly, violently, without due care, and without cause or provocation destroyed property, threatened, humiliated, arrested, searched, seized, denied medication and/or medical attention including food and water all in violation of California Government Code § 815.2(a).

93.    The above mentioned incidents occurred as a result of DEFENDANTS' failure to use proper established police tactics regarding the use of force. Moreover, said search, seizure, arrest destruction of property and denial of medication, food and water was the result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to PLAINTIFFS.

94.    At all relevant times mentioned herein, Plaintiffs were free of any negligence, as they were neither a threat to the officers' safety nor to the public's safety.

95.    DEFENDANTS, having knowingly created the injuries and property damages upon Plaintiffs and knowing that medication, food and water could not be provided without their consent, knowingly, negligently, carelessly and/or recklessly failed to allow plaintiffs to obtain medication, food, water, aid or any type of assistance for Plaintiffs after inflicting

SECOND AMENDED COMPLAINT FOR DAMAGES

- 33 -

1  unprovoked and tortuous harm upon plaintiffs.  Said failure to provide medication, food and

2  water proximately caused the exacerbation of Plaintiffs' physical and psychological injuries.

3
4  96.    Defendant CITY OF MAYWOOD is directly liable and responsible for the acts of said

5  Defendants because said Defendants repeatedly and knowingly and negligently failed to

6  enforce the laws of the State of California and the regulations of Defendant CITY OF

7  MAYWOOD and its Police Department with respect to the use of so-called reasonable force,

8
9  thereby creating an atmosphere of lawlessness in which peace officers employed excessive

10 and illegal force and violence, in the belief that such acts would be condoned and justified by

11 their supervisors.  Said Defendant CITY therefore was or should have been aware of such

12 unlawful acts and practices prior to and at the time of the search and seizure of the present

13 Plaintiffs
14

15 97.    As a proximate result of the acts and omissions of said Defendants, PLAINTIFFS

16 suffered physical, psychological and emotional injuries and property damages as a result of

17 DEFENDANTS' failure to provide medication, food and water which proximately caused the

18 exacerbation of Plaintiffs' physical and psychological injuries and knowing that medication,

19
20 food and water could not be provided without their consent, knowingly, negligently,

21 carelessly and/or recklessly failed to allow plaintiffs to obtain  medication, food, water, aid

22 or any type of assistance for Plaintiffs.

23 98.    As a legal and proximate result of the aforementioned acts and omissions of

24
25 Defendants alleged above, Plaintiffs have suffered unjustifiable personal injury and property

26 damage all to Plaintiffs' general damages according to proof.

27

28                          SECOND AMENDED COMPLAINT FOR DAMAGES

99.     As a direct and proximate result of the foregoing, PLAINTIFFS has been damaged as recited herein above in, entitling them to special, general damages and attorneys fees.

### DEMAND FOR JURY TRIAL

PLAINTIFFS request that the present matter be set for jury trial.

### PRAYER

WHEREFORE, PLAINTIFFS for each and every cause of action above, demand the following relief, jointly and severally, against all the defendants;

    a)    Compensatory general and special damages in an amount in accordance with proof;

    b)    Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988.

    d)    Costs of suit necessarily incurred herein;

    e)    Prejudgment interest according to proof; and

    f)    Such further relief as the Court deems just or proper.

Dated: November 7, 2008    RIOS & ASSOCIATES

By:    
RALPH M. RIOS,
Attorneys for Plaintiffs
ANGEL LARA, DORA LARA,
HECTOR LARA and MARIBEL NUNEZ

SECOND AMENDED COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 36 W. Colorado Blvd. Suite 301, Pasadena, California 91105.

On November 10, 2008, I served, the foregoing document described as follows: **SECOND AMEDED COMPLAINT FOR DAMAGES: CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)** upon interested parties in this action by placing the true copies thereof enclosed sealed in envelopes addressed to the following persons:

**Eugene Ramirez, Esq**
**MANNING, MARDER, KASS ELLROD, RAMIREZ, LLP.**
15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CA 90017-3012
OFFICE: 213-624-6900
FAX: 213-624-6999

**Mathew J. Salcedo, Esq.**
**Bohm, Matsen, Kegal & Aguilera**
695 Town Center Drive
Costa Mesa, CA 92626
714-384-6501

**BY MAIL**

___X___ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**FEDERAL**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 10, 2008, Pasadena, California.

Miriam Espinosa