**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
Lee A. Wood – Of Counsel (SBN 58676)
Matthew J. Salcedo (SBN 237866)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone:  (714) 384-6500
Facsimile:  (714) 384-6501

Attorneys for Defendants CITY OF MAYWOOD,
a municipal corporation and public entity,
RICHARD LYONS, JERRY SALGADO,
PAUL PINE, and ANDREW SERRATA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL LARA; DORA LARA; HECTOR LARA; and MARIBEL NUNEZ, | ) CASE NO.: CV08-3469 MMM (VBKx) ) Assigned For All Purposes To The Hon. ) Margaret M. Morrow, Courtroom 780 ) |
| Plaintiffs, | ) ) DEFENDANTS' REPLY RE: ) MOTION FOR SUMMARY |
| vs. | ) JUDGMENT, OR, IN THE ) ALTERNATIVE, PARTIAL |
| CITY OF MAYWOOD,  a Public Entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a Public Entity; and DOES 1 to 20, inclusive, | ) SUMMARY JUDGMENT; ) MEMORANDUM OF POINTS AND ) AUTHORITIES IN SUPPORT ) THEREO ) |
| Defendants. | ) DATE:       **APRIL 27, 2009** ) TIME:       **10:00 AM** ) CTRM:      **780** ) |
| | ) Complaint Filed:  April 17, 2008 ) Trial Date:          August 25, 2009 |

///
///

1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Defendants CITY OF MAYWOOD, RICHARD LYONS, JERRY SALGADO, PAUL PINE, and ANDREW SERRATA hereby submit their Memorandum of Points and Authorities in Reply Re: Defendants' Motion for Summary Judgment, Or, In the Alternative, Partial Summary Judgment, as follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On March 24, 2009, Defendants CITY OF MAYWOOD, RICHARD LYONS, JERRY SALGADO, PAUL PINE, and ANDREW SERRATA filed their Motion for Summary Judgment.  The same day, the Court issued an Order advancing the briefing schedule regarding Defendants' Motion for Summary Judgment.  Pursuant to the Court's Order, Plaintiffs' opposition to the Motion for Summary Judgment was due on April 3, 2009.  To date, Plaintiffs have failed to file any opposition, object to any of the evidence supporting Defendants' Motion for Summary Judgment, file a separate response to Plaintiffs' Statement of Uncontroverted Facts as required under Local Rule 56-2, or request a continuance of summary judgment under Rule 56(f).

As Plaintiffs have failed to oppose Defendants' Motion for Summary Judgment, Defendants respectfully request that this Court grant summary judgment as to the entire action, or, in the alternative, grant partial summary judgment as to the identified claims.

**II.    THE COURT HAS DISCRETION TO GRANT SUMMARY JUDGMENT IN THE EVENT THAT THE ADVERSE PARTY FAILS TO OPPOSE THE SUMMARY JUDGMENT MOTION**

Default summary judgment is proper unless "the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact." *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949 (9th Cir. 1993).

2

In the instant case, Defendants' Motion for Summary Judgment and all attendant papers are sufficient to support an order for summary judgment in that they rely virtually entirely on the Plaintiffs' own discovery responses and deposition testimony.  Plaintiffs simply cannot object to testimony they knowingly provided and verified.  Moreover, Defendants ANDREW SERRATA and JERRY SALGADO were present at the scene of the incident and have percipient, independent knowledge of the facts contained in their supporting declarations, to which Plaintiffs have not objected.

Assuming, *arguendo*, the declarations of Defendants ANDREW SERRATA and JERRY SALGADO do contain evidentiary defects, the Ninth Circuit held that in the context of summary judgment motions, defects in evidence submitted are waived "absent a motion to strike or other objection." *Federal Deposit Ins. Corp. v. New Hampshire Ins. Co.,* 953 F.2d 478 (9th Cir. 1991) citing *Scharf v. United States Attorney General,* 597 F.2d 1240, 1243 (9th Cir. 1979).  "If a party fails to move to strike an affidavit that is allegedly defective under Rule 56(e), he waives any objection to it." *Allen v. Scribner,* 812 F.2d 426, 435 n.18 (9th Cir. 1987), *amended,* 828 F.2d 1445 (9th Cir. 1987).

Last, no genuine issues of material fact exist on the face of Defendants' moving papers.  Therefore, as Defendants' moving papers are sufficient to support a motion for summary judgment and do not facially reveal a genuine issue of material fact, summary judgment is proper.

## III.    AS PLAINTIFFS HAVE FAILED TO OPPOSE DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS, THE COURT SHOULD ASSUME SAID FACTS EXIST WITHOUT CONTROVERSY

Pursuant to Local Rule 56-3, summary judgment may be upheld on the basis of uncontroverted assertions in the moving party's statement of uncontroverted facts.  Likewise, the court will assume material facts are admitted to exist without controversy except to extent they are controverted in opposition papers. L.R. 56-3.

Here, Plaintiffs failed to file a Statement of Genuine Issues or any other separate statement, declaration, or other opposition papers challenging Defendants' Statement of Uncontroverted Material Facts. Given Plaintiffs' failure to oppose Defendants' Statement of Uncontroverted Material Facts in any way, the Court should uphold summary judgment as to the entire action or, in the alternative, partial summary judgment as to the identified claims, on the basis of the uncontroverted assertions and supporting evidence in Defendants' Statement of Uncontroverted Material Facts.

## IV.   THE COURT SHOULD ASSUME THAT PLAINTIFFS HAVE CONSENTED TO THE GRANTING OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT GIVEN THEIR FAILURE TO OPPOSE THE MOTION

Pursuant to Local Rule 7-12, the Court may deem a party's failure to file any required paper as consent to the granting or denial of the motion. As Plaintiffs failed to file any opposition to Defendants' Motion for Summary Judgment and failed to request a continuance of the Motion under Rule 56(f), the Court should deem Plaintiffs' failure to oppose the Motion as their consent to the granting of the Motion.

## V.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant the Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment as to the issues identified therein.

DATED: April 10, 2009          BOHM, MATSEN, KEGEL & AGUILERA, LLP

By:   _____

Matthew J. Salcedo,
Attorneys for Defendants CITY OF MAYWOOD, a municipal corporation and public entity, RICHARD LYONS, JERRY SALGADO, PAUL PINE, and ANDREW SERRATA

4

DEFENDANTS' REPLY RE: MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT